MARK R. CONRAD (CA Bar No. 255667)
  mconrad@conmetkane.com
FELIPE CORREDOR (CA Bar No. 295692)
  fcorredor@conmetkane.com
**CONRAD METLITZKY KANE LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California  94111
Telephone: (415) 343-7100

JAMES D. WEINBERGER (*pro hac vice* application forthcoming)
  jweinberger@fzlz.com
DANIEL M. NUZZACI (*pro hac vice* application forthcoming)
  dnuzzaci@fzlz.com
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
151 West 42nd Street, 17th Floor
New York, New York 10036
Telephone: (212) 813-5900

*Attorneys for Plaintiff Athleta, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ATHLETA, INC.,<br><br>                    Plaintiff,<br><br>       v.<br><br>SPORTS GROUP DENMARK A/S,<br><br>                    Defendant. | **COMPLAINT FOR:**<br><br>(1) Federal Trademark Infringement, 15 U.S.C. § 1114(1);<br><br>(2) Federal Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a)(1)(A); and<br><br>(3) California Unfair Competition, Cal. Bus. & Prof. Code § 17200.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Athleta, Inc. ("Plaintiff"), by its undersigned attorneys, for its Complaint against Defendant Sports Group Denmark A/S ("Defendant"), alleges as follows:

**Nature of the Action**

1. Plaintiff, a wholly owned subsidiary of Gap, Inc., is a leading national brand of women's activewear with products sold through its website at *athleta.gap.com*, through nationally distributed catalogs with a wide circulation, and physical retail stores in forty-four states as well as the District of Columbia (including twenty-nine locations in California and two stores in San Francisco).

2. Since 1998, Plaintiff has offered for sale, marketed, and sold performance apparel and gear for active women under its ATHLETA trademark. Since 2007, Plaintiff has used its ATHLETA trademark together with a pinwheel logo trademark, shown below:

※ ATHLETA

3. Plaintiff also owns several trademark registrations issued by the U.S. Patent and Trademark Office ("USPTO") for its ATHLETA and pinwheel logo trademarks in connection with, *inter alia*, clothing and retail store services, including in connection with apparel and clothing accessories, sports equipment in, and retail store services.

4. Plaintiff brings this action to stop the wanton infringement by Defendant of Plaintiff's ATHLETA and pinwheel logo trademarks. Specifically, Plaintiff recently learned that Defendant is attempting to trade on the goodwill and cachet associated with Plaintiff's ATHLETA and pinwheel logo trademarks by offering athletic apparel and retail store services in connection with the trademark ATHLECIA (and design), as shown below:



ATHLECIA

5.  Defendant also has filed in the USPTO Trademark Application Serial No. 79317502 to register the ATHLECIA (and design) trademark in connection with apparel and clothing accessories in International Class 25, sports equipment in International Class 28, and retail store services in International Class 35.

6.  Accordingly, to protect the goodwill built up in its ATHLETA and pinwheel logo trademarks over many years and to protect consumers from Defendant's deceptive conduct described herein, Plaintiff brings this action for (i) infringement of a federally registered trademark in violation of Section 32(1) of the U.S. Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. § 1114(1); (ii) unfair competition and false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A); and (iii) unfair competition in violation of California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* Plaintiff seeks both injunctive and monetary relief.

## The Parties

7.  Plaintiff Athleta, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 2 Folsom Street, San Francisco, California 94105.

8.  Upon information and belief, Defendant Sports Group Denmark A/S is a corporation duly organized and existing under the laws of Denmark with its principal place of business at Skærskovgårdsvej 5, DK-8600 Silkeborg, Denmark.

## Jurisdiction and Venue

9.  The Court has original jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331, 1338(a), 1338(b) of the Judicial Code, 28 U.S.C. § 1331, 1338 (a) and (b). The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a).

10. The Court has personal jurisdiction over Defendant pursuant to Cal. Civ. Pro. Code § 410.10 because (i) Defendant has purposefully directed its activities at residents of California State and availed itself of the privilege of doing business in California State by consummating sales of its infringing goods and services – either directly or indirectly through third parties – to California consumers; (ii) Plaintiff's infringement and unfair competition claims asserted herein

arise out of and relate to Defendant's infringing activities purposefully directed at residents of California State; and (iii) the Court's exercise of personal jurisdiction over Defendant is reasonable and comports with fair play and substantial justice.

11. In the alternative, the Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2) because (i) Plaintiff's infringement and unfair competition claims asserted herein arise under federal law; (ii) Defendant is not subject to the personal jurisdiction of any state court's general jurisdiction; and (iii) the Court's exercise of personal jurisdiction over Defendant comports with due process.

12. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims asserted herein occurred in this District and because Defendant is subject to this Court's personal jurisdiction with respect to this action.

**Facts Common to All Claims**

A. **Plaintiff and Its ATHLETA and Pinwheel Logo Trademarks**

13. Founded in 1998, Plaintiff entered the fashion industry with the mission of providing women athletes with apparel for different sports and fitness activities. Today, Plaintiff is one of the premier brands in the rapidly growing women's sports and active apparel markets. Plaintiff is known for offering stylish and functional apparel, footwear, and accessories across a wide variety of sports and fitness activities, including crossover apparel and casual wear.

14. Since 1998, Plaintiff has used the ATHLETA trademark (the "ATHLETA Word Mark") in connection with women's athletic apparel and related goods and services. Starting in 2007, Plaintiff also began using a circular pinwheel logo in connection with its goods and services, as shown below:



(the "Chi Mark," and together with the ATHLETA Word Mark, the "ATHLETA Marks").

15. Plaintiff uses both the ATHLETA Word Mark and the Chi Mark to identify goods and services offered under the ATHLETA brand. For example, Plaintiff uses the ATHLETA Marks on the labels for its products, as shown below:






16. Plaintiff also uses the ATHLETA Marks in its marketing materials and on the home page of its website, as shown below:



*https://athleta.gap.com/*

17. For many years, Plaintiff has invested a substantial amount of time, effort, and money to advertise and promote the ATHLETA Marks nationwide, having expended substantial sums on advertising and promotion. Plaintiff has advertised the ATHLETA Marks on television and in numerous major U.S. publications of nationwide distribution, including *In Style*, *Sports Illustrated*, *Fitness*, *Shape*, *Runner's World*, *O* and *Women's Health*.

18. Plaintiff further advertises and promotes its brand on social media and networking websites and has launched extensive advertising campaigns solely via social media and

networking websites. Plaintiff operates pages on social media and networking websites such as Facebook, Instagram, Twitter, and YouTube. True and correct copies of the profile pages for each of the foregoing social media accounts are attached hereto as **Exhibit A**.

19. Plaintiff and the ATHLETA Marks have also received substantial unsolicited media attention. For example, Plaintiff's ATHLETA brand was featured in a 2021 *Elle* article titled "26 Best Athleisure Brands to Get You Through 2021," a 2021 *CNN* article titled "13 Chic Activewear Brands We Absolutely Love," a 2021 *Refinery29* article titled "I Put Plus-Size Activewear From Popular Brands to the Test," and a 2020 *Women's Health Magazine* article titled "27 Athleisure Wear Items That'll Make Working From Home and At-Home Workouts So Much Better." True and correct copies of the foregoing third party press articles are attached hereto as **Exhibit B**.

20. Plaintiff has also made headlines due to its partnerships with high-profile and Olympic athletes, including Simone Biles and Allyson Felix and the singer and songwriter Alicia Keys. True and correct copies of third-party press articles discussing these partnerships are attached hereto as **Exhibit C**.

21. As a result of Plaintiff's extensive advertising and promotional efforts in connection with the ATHLETA Marks – and the excellent reputation and commercial success of the goods offered thereunder – the marks have achieved widespread recognition and have come to be recognized by consumers as exclusively identifying Plaintiff's goods and services.

22. Through many years of promotion, marketing, and use, the sales of goods and services offered under the ATHLETA Marks have become substantial and continue to rise. Thus, the ATHLETA Marks have come to embody enormous goodwill for Plaintiff.

23. In addition to Plaintiff's extensive common law rights in the ATHLETA Marks built up through years of use and promotion in the United States, Plaintiff owns several federal trademark registrations for the ATHLETA Marks. Specifically, the USPTO has issued to Plaintiff the following trademark registrations:

| Mark | Reg. No. | Reg. Date | Goods and Services |
|---|---|---|---|
| ATHLETA | 2474894* | 8/7/2001 | IC 25: Athletic apparel, namely, caps, shorts, pants, shirts, jackets, vests, bras, swimwear, and under wear |
| ATHLETA | 4445489* | 12/10/2013 | IC 25: Clothing, namely, tops, bottoms, skirts, jackets, vests, swimwear, hooded sweat shirts, dresses, tights, gloves, loungewear, neckwear, undergarments, tennis wear; headwear |
| ATHLETA | 4202561* | 9/4/2012 | IC 28: bags and cases specially adapted for sports equipment |
| ATHLETA | 2427769* | 2/13/2001 | IC 35: mail order services featuring sportswear apparel and computerized online retail services in the field of sportswear apparel |
| ATHLETA | 2427933* | 2/13/2001 | IC 35: Mail order services and computerized online retail services in the field of athletic apparel, athletic accessories, and athletic equipment |
| ATHLETA | 3931221* | 3/15/2011 | IC 35: Retail store services in the field of athletic apparel, athletic accessories, athletic equipment, sportswear, clothing, namely, tops, t-shirts, shirts, blouses, bottoms, shorts, pants, jackets, sweaters, shorts, vests, bras, swimwear, and underwear; headwear; footwear, headwear, athletic bags, tote bags, sports bags, backpacks, duffle bags and all-purpose carrying bags |
| ATHLETA | 3971029* | 5/31/2011 | IC 35: Advertising and marketing services, namely, issuing gift cards that may then be redeemed for goods; customer loyalty services and customer club services, for commercial, promotional and/or advertising purposes; retail store services featuring clothing, footwear, headwear, accessories, bags, athletic accessories and athletic equipment; On-line retail store services and mail order services featuring clothing, footwear, headwear, accessories, bags, athletic accessories and athletic equipment |

| Mark | Reg. No. | Reg. Date | Goods and Services |
|---|---|---|---|
| ✦ | 3518045* | 10/14/2008 | IC 25: Athletic apparel and clothing, namely, tops, t-shirts, shirts, skirts, dresses, bottoms, shorts, skorts, pants, jackets, sweaters, shorts, vests, bras, swimwear, tights, scarves, gloves and underwear; headwear |
| ✦ | 6438065 | 8/3/2021 | IC 18: Backpacks, all purposes carrying bags, all-purpose sport bags, reusable shopping bags<br><br>IC 25: Clothing, namely, tops, bottoms, skirts, dresses, jackets, rainwear, headwear, neckwear, loungewear, underwear, swimwear, gloves, socks, hosiery<br><br>IC 35: Charitable services, namely, organizing and conducting volunteer programs and community service projects; Promoting public awareness of opportunities for advancement of women |
| ✦ | 4891117 | 1/26/2016 | IC 28: Physical fitness equipment, namely, inflatable balls used for yoga, general fitness and Pilates training |
| ✦ | 3864723 | 10/19/2010 | IC 35: Mail order services, online retail services and retail store services in the field of athletic accessories, athletic equipment, sportswear, athletic apparel, clothing, headwear, scarves, gloves, footwear, and carrying bags, namely, athletic bags, tote bags, sports bags, backpacks, duffle bags |
| ✦ | 4372491* | 7/23/2013 | IC 35: retail store services featuring clothing, footwear, headwear, clothing accessories, bags, athletic accessories and athletic equipment; on-line retail store services and mail order services featuring clothing, footwear, headwear, clothing accessories, bags, athletic accessories and athletic equipment |

| Mark | Reg. No. | Reg. Date | Goods and Services |
|---|---|---|---|
| (logo) | 5289396 | 9/19/2017 | IC 35: Advertising and promotional services; online advertising and promotional services; retail store services featuring clothing, footwear, headwear, clothing accessories, bags, athletic accessories and athletic equipment; on-line retail store services and mail order services featuring clothing, footwear, headwear, clothing accessories, bags, athletic accessories and athletic equipment |

24. The above registrations are valid, subsisting, and in full force and effect and serve as *prima facie* evidence of the validity of the marks, of Plaintiff's ownership of the marks, and of Plaintiff's exclusive right to use the marks in connection with the goods and services identified in the registrations. *See* 15 U.S.C. § 1115(a). Moreover, the registrations marked with an asterisk (*) have become incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

25. As a matter of law, these registrations place Defendant on constructive notice of Plaintiff's rights in the ATHLETA Marks. *See* 15 U.S.C. § 1072. True and correct copies of certificates of Plaintiff's registrations for the ATHLETA Marks are attached hereto as **Exhibit D**.

**B. Defendant's Wrongful Conduct**

26. Upon information and belief, Defendant is a Danish corporation founded in 2012 that designs, manufactures, and distributes sportswear, casual clothing, accessories, and footwear.

27. Defendant markets and offers its goods and services under twenty-five different sub-brands, each of which is specialized within a certain field.

28. Upon information and belief, at some point in 2020, Defendant began to market ATHLECIA as a new sub-brand in connection with women's athletic apparel and related goods and services.

29. Under the ATHLECIA sub-brand, Defendant offers athletic apparel and clothing accessories, including sports bras, tights, sweaters, tops, pants, and socks among numerous other items.

30. Moreover, in connection with its ATHLECIA-branded products, Defendant is using the trademark ATHLECIA together with a circular design, as shown by way of example below:



(the "Infringing Marks").

31. Upon information and belief, the Infringing Marks appear on marketing materials for Defendant's ATHLECIA-branded products, including on the ATHLECIA webpage of Defendant's website at https://shop.sports-group.dk/collections/endurance-athletica. A true and correct copy of the foregoing webpage is attached hereto as **Exhibit E**.

32. Defendant also uses the Infringing Marks on the packaging of its products and on the neck labels and hang tags therefor, as shown below:







33. Defendant's products sold under the Infringing Marks can be purchased and shipped to California consumers and have in fact been purchased by agents of Plaintiff into this District. True and correct copies of printouts from retail outlets showing Defendant's infringing products being offered for sale are attached hereto as **Exhibit F**.

34. Upon information and belief, Defendant intends to begin offering its goods and services under the Infringing Mark directly to consumers within the United States.

35. Upon information and belief, on June 30, 2021, Defendant filed with the USPTO Trademark Application Serial No. 79317502 (the "Application") to register a representation of the Infringing Marks for apparel and clothing accessories in International Class 25, sports equipment in International Class 28, and retail store services in International Class 35. The Application is filed pursuant to Section 66(a) of the Lanham Act, 15 U.S.C. § 1141f(a), and seeks to extend protection of an International Registration to the United States. As part of its application, Defendant declared under penalty of perjury that it has a bona fide intention to use the mark in commerce that can be controlled by the United States Congress. *Id.* A true and correct copy of the electronically-filed Application is attached hereto as **Exhibit G**.

36. Defendant has not obtained consent from Plaintiff or any representative of Plaintiff to use the ATHLETA Marks or the Infringing Marks.

37. Defendant is not associated or affiliated with Plaintiff and has never been authorized or otherwise licensed by Plaintiff to use the Infringing Marks or any trade names or trademarks confusingly similar to the ATHLETA Marks.

**Count I: Federal Trademark Infringement**

**Pursuant to 15 U.S.C. § 1114(1)**

38. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. The ATHLETA Marks have been continuously used and registered by Plaintiff since a date prior to any date upon which Defendant can rely for any claim of rights in the Infringing Mark.

40. The earliest date upon which Defendant can rely for any claim of rights in the Infringing Marks is long after the use, registration, and acquisition of rights in the ATHLETA Marks by Plaintiff. As such, Plaintiff's rights in the ATHLETA Marks are prior and superior to any rights Defendant may claim in the Infringing Marks. The continued use of the Infringing Mark is inconsistent with Plaintiff's prior rights in and statutory grant of exclusivity of use of the ATHLETA Marks.

41. The ATHLETA Marks have been found to be conceptually and commercially strong trademarks that are entitled to a wide scope of protection under the law. *See Athleta, Inc. v. Pitbull Clothing Co.*, No. 12-cv-10499, 2013 WL 142877, at *5-6 (C.D. Cal. Jan. 7, 2013) (noting that "plaintiff's marks are commercially strong," and "plaintiff's pinwheel design mark is a strong, arbitrary, and inherently distinctive mark," and "plaintiff's [ATHLETA Word Mark] is mildly suggestive.").

42. The Infringing Marks are highly similar to the federally-registered ATHLETA Marks because the Infringing Marks consists of a three-syllable term that shares the same A-T-H-L-E letter string as Plaintiff's ATHLETA Word Mark (and ends in the letter A) and a circle design that is highly similar to the Chi Mark. Moreover, Defendant stylizes the ATHLECIA portion of the Infringing Marks in capitalized letters and a sans-serif font that is similar to Plaintiff's stylization of the ATHLETA Marks.

43. The goods and services offered by Defendant under the Infringing Marks are identical to the goods and services offered by Plaintiff under the ATHLETA Marks and to the goods and services for which the ATHLETA Marks are registered.

44. The goods and services offered by Defendant under the Infringing Marks are targeted towards the same consumers who purchase goods and services offered by Plaintiff under the ATHLETA Marks.

45. Upon information and belief, Defendant selected and is using the Infringing Marks with actual and constructive knowledge of Plaintiff's ownership of and exclusive right to use its ATHLETA Marks.

46. Defendant's infringement of the ATHLETA Marks is willful, in bad-faith, and is intended to trade on the goodwill and cachet of Plaintiff's ATHLETA Marks.

47. Based on Plaintiff's prior rights in its ATHLETA Marks, the strength of the ATHLETA Marks, the similarity of the ATHLETA Marks and the Infringing Marks, the identity of the parties' respective goods and services, the overlap in the parties' targeted consumers, and Defendant's bad faith adoption of the Infringing Marks, consumers are likely to be deceived into falsely believing that the goods and services offered by Defendant under the Infringing Marks originate from or are otherwise associated with or endorsed by Plaintiff, or that there is some relationship between Plaintiff and Defendant or the goods and services of Plaintiff and Defendant, all to Plaintiff's injury and harm.

48. Defendant's continued use of the Infringing Marks constitutes infringement of the federally-registered ATHLETA Marks and is likely to cause confusion, cause mistake, or to deceive the public into the false belief that the goods and services offered by Defendant under the Infringing Marks come from or are otherwise sponsored by or connected with Plaintiff in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49. Defendant's aforementioned conduct is causing irreparable injury to Plaintiff's goodwill and reputation, and Defendant's continued use of the Infringing Marks will both damage Plaintiff as well as deceive and threaten harm to the public unless the conduct is permanently enjoined by this Court.

50. Plaintiff has no adequate remedy at law.

**Count II: Unfair Competition and False Designation**
**of Origin Pursuant to 15 U.S.C. § 1125(a)(1)(A)**

51. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52. Defendant's use of the Infringing Marks in connection with goods and services that are identical to the goods and services offered by Plaintiff under the ATHLETA Marks constitutes a false designation of origin and a false representation as to the origin of Defendant's goods and services.

53. Defendant's use of the Infringing Marks in connection with such goods and services is likely to cause confusion, cause mistake, or to deceive the public as to the source of Defendant's goods and services and is likely to create the false impression that those goods and services are approved, authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

54. Defendant's conduct is willful, in bad-faith, and intended to trade on the goodwill and cachet of Plaintiff. Accordingly, Defendant's actions constitute unfair competition and false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

55. Defendant's aforementioned conduct is causing irreparable injury to Plaintiff's goodwill and reputation, and Defendant's continued conduct will damage Plaintiff as well as deceive and threaten harm to the public unless the conduct is permanently enjoined by this Court.

56. Plaintiff has no adequate remedy at law.

### Count III: California Unfair Competition
### Pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq*.

57. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58. Defendant's conduct described herein constitutes unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

59. Upon information and belief, Defendant has received substantial revenues and profits arising out of its acts of unfair competition to which it is not entitled, and Plaintiff also has suffered an injury in fact as a result of Defendant's acts of unfair competition.

60. Defendant's aforementioned conduct is causing irreparable injury to Plaintiff's goodwill and reputation, and Defendant's continued conduct will damage Plaintiff as well as deceive and threaten harm to the public unless the conduct is permanently enjoined by this Court.

61. Plaintiff has no adequate remedy at law.

### Prayer for Relief

**WHEREFORE**, Plaintiff requests judgment as follows:

A. That the Court enter judgment for Plaintiff on each of its claims.

B.  That Defendant, its officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, be immediately and permanently enjoined from:

  i.  using the Infringing Marks – or any simulation, reproduction, counterfeit, copy, or colorable imitation of the ATHLETA Marks – in connection with the importation, manufacture, production, promotion, marketing, sale, or offering for sale of apparel, clothing accessories, footwear, sports equipment, retail store services, or any related goods or services;

  ii.  using any false designation of origin, false description or statement, or performing any act that is likely to lead members of the public to believe that any good or service manufactured, offered, distributed, or sold by Defendant is in any manner associated or connected with Plaintiff or is sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff;

  iii.  engaging in any activity constituting unfair competition with Plaintiff or constituting an infringement of the ATHLETA Marks;

  iv.  applying to register or registering in the USPTO or in any state trademark registry the Infringing Mark – or any simulation, reproduction, copy, or colorable imitation of the ATHLETA Marks – in connection with any goods or services;

  v.  aiding, assisting, or abetting any other party in doing any act prohibited by sub-paragraphs (i) through (iv) above.

C.  Directing that Defendant voluntarily abandon U.S. Trademark Application Serial No. 79317502, which is currently pending at the USPTO.

E.  Directing that Defendant destroy all products, labels, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials currently in its possession or under its control that incorporates, features, or bears the Infringing Mark – or any simulation, reproduction, copy, or colorable imitation of the ATHLETA Marks.

F.  Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing and under oath setting forth in detail the manner and form in which it has complied with the above.

G.     Awarding Plaintiff such damages it has sustained or will sustain by reason of Defendant's acts of trademark infringement and unfair competition/false designation of origin and that such sums be trebled pursuant to 15 U.S.C. § 1117.

H.     Awarding Plaintiff all damages, including Defendant's profits, that are recoverable under Cal. Bus. & Prof. Code § 17200 *et seq*.

I.     Awarding Plaintiff all recoverable gains, profits, property, and advantages derived by Defendant from its unlawful conduct.

J.     Awarding Plaintiff exemplary and punitive damages to deter any further violations or infringement of Plaintiff's rights as the Court finds appropriate.

K.     Awarding Plaintiff its costs and expenses incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

L.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

M.     Awarding Plaintiff such further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Athleta, Inc. hereby demands trial by jury in this action.

Respectfully submitted,

DATED: June 1, 2022                             CONRAD | METLITZKY | KANE LLP

*/s/ Mark R. Conrad*
MARK R. CONRAD
*Attorneys for Plaintiff Athleta, Inc.*

DATED: June 1, 2022                             FROSS ZELNICK LEHRMAN & ZISSU, P.C.

*/s/ James D. Weinberger*
JAMES D. WEINBERGER
*Attorneys for Plaintiff Athleta, Inc.*

**ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of this document.

*/s/ Mark R. Conrad*
MARK R. CONRAD