Brian Beverly
BEESON SKINNER BEVERLY, LLP
1 Kaiser Plaza, Suite 750
Oakland, CA 94612
Phone:(510) 832-8700 ext. 117
Email:  BBeverly@bsbllp.com

Of counsel:

Arne M. Olson (*pro hac vice to be filed*)
Kathryn M. Garipay (*pro hac vice to be filed*)
OLSON & CEPURITIS, LTD.
20 N. Wacker Dr., 36th Floor
Chicago, IL 60606-3113
aolson@olsonip.com
kgaripay@olsonip.com

*Attorneys for Defendant*
*Sports Group Denmark A/S*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATHLETA, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>SPORTS GROUP DENMARK A/S,<br><br>            Defendant. | Case No. 4:22-cv-03192-JST<br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing: January 26, 2023<br>Time:  2:00 p.m. |

Defendant, Sports Group Denmark A/S, notices this Motion to Dismiss for 2:00 p.m. on January 26, 2023.

Pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6), Defendant moves the Court for an Order dismissing this case for lack of personal jurisdiction, and for failure to state a claim.

i

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  FACTUAL BACKGROUND ........................................................................................... 2

III. ARGUMENT .................................................................................................................... 3

   A.   There Is No Personal Jurisdiction Over Sports Group Denmark ............................ 3

      1.   SGD has not committed any act expressly aimed at California. ............................ 4

         a.   There is no intentional act by SGD. ................................................................. 4

         b.   SGD did not expressly aim its actions at California. ....................................... 5

   B.   There is no personal jurisdiction under Rule 4(k)(2). .............................................. 6

   C.   Plaintiff has failed to state a claim for trademark infringement and unfair competition. .................................................................................................................... 7

   D.   Plaintiff has failed to state a claim for unfair competition under California law. ... 9

IV.  CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir.1991) .................................................................................................................. 11

*Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-cv-02991-JST, 2015 BL 331300, 2015 US Dist Lexis 137153, 2015 WL 5834135 (N.D. Cal. Oct. 07, 2015) .......................... 4, 5

*Allergan, Inc. v. Dermavita Ltd. P'ship, Dima Corp. S.A.*, No. SACV 17-00619-CJC (DFMx), 2018 WL 1406913 ....................................................................................................................... 9

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 679 (2009) .................................................................. 9, 11

*Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978, 980, 989 (9th Cir. 2021) .......................... 6, 8

*Calder v. Jones*, 465 U.S. 783 (1984) .............................................................................. 5, 6, 8

*Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir.1988) ........................... 11

*Clarus Transphase Scientific, Inc. v. Q-Ray, Inc.*, No. C 06-3450, [2006 BL 110516], 2006 WL 2374738 ........................................................................................................................................ 6

*Cleary v. News Corp.*, 30 F.3d 1255, 1262-1263 (9th Cir. 1994) ................................................ 12

*Combe Inc. v. Dr. Aug. Wolff GmbH*, 309 F.Supp.3d 414, 419, 424 (E.D. Va. 2018) ........... 10, 11

*Fumoto Giken Co. v. Mistuoka*, No. CV 14-9797 DMG (MRWx), 2015 WL 12766167 .............. 9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ..................................... 4

*Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) ...................... 8

*Mavrix Photo Inc. v. Brand Technologies Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) .................... 7

*Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F.Supp. 1346, 1362 (C.D.Cal.1984) ......................... 11

*One True Vine, LLC v. Liquid Brands, LLC,* No. Case No: C 10-04102 SBA., 2011 BL 143818, 2011 US Dist Lexis 58322, 2011 WL 2148933 (N.D. Cal. May 31, 2011) ................................ 6

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802, 805 (9th Cir. 2004) ................ 3, 5

*St Andrews Links Limited v. Source and Design International (UK) Ltd, et al.*, 4:21-cv-06470-JST N.D. Cal. (Oct. 20, 2022) ............................................................................................ passim

*Walden v. Fiore*, 571 U.S. 277, 285, 290 (2014) .................................................................. 6, 77

I. **INTRODUCTION**

The Plaintiff here has less evidence to support this Court's personal jurisdiction for a trademark infringement case than the plaintiff in this Court's recent decision of October 20, 2022, in *St Andrews Links Limited v. Source and Design International (UK) Ltd, et al.*, 4:21-cv-06470-JST N.D. Cal. (Oct. 20, 2022). Here, Plaintiff has not even put forth evidence of a *prima facie* case for jurisdiction.

Plaintiff's primary claim for jurisdiction in California is the possibility of purchasing an accused item of clothing <u>from a third party</u>. ECF No. 1-1 at 63-81. Defendant, Sports Group Denmark ("SGD"), did not sell any product to Plaintiff and in fact does not sell any ATHLECIA product in the United States. SGD does not even sell products in U.S. dollars, rather in Danish Krone ("DKK"), as shown in Complaint, Exhibit E. ECF No. 1-1 at 59. Therefore, there is no evidence that SGD has purposefully directed its activities or consummated some transaction with the forum state, California. There has been no express aiming by SGD at either the United States or California.

As this Court noted, "[a] plaintiff cannot manufacture personal jurisdiction in a trademark case by purchasing the accused product in the forum state." *St Andrews Links*, 4:21-cv-06470-JST N.D. Cal., *6.[1] Even if SGD did make some sale, a "single sale is still insufficient to satisfy the express aiming prong." *Id.*

Unlike *St Andrews Links*, SGD's website does not offer to sell products to the United States and nor does it accept payment in U.S. dollars. "The simple fact that Defendants' websites are interactive and accessible to Californians is not enough to satisfy the express aiming prong." *Id.* at 5.

As far as a claim of jurisdiction under Fed.R.Civ.P. 4(k)(2), there have been no sales by

---

[1] All quotes in this introduction are taken from this Court's Order of October 20, 2022, in *St Andrews Links Limited v. Source and Design International (UK) Ltd et al.*, 4:21-cv-06470-JST N.D. Cal. (Oct. 20, 2022).

1

SGD in the U.S. Therefore, there has been no aiming at the U.S.

The fact that SGD filed a trademark application, now abandoned, "also does not establish express aiming.…'[T]his Court is not persuaded that the mere registration of a trademark with the PTO, without more, amounts to the type of minimum contacts which would justify haling a foreign defendant into federal court.'" *Id.* at 8.

Therefore, the exercise of jurisdiction over SGD here would not comport with due process under Rule 4(k)(2).

So, why is this case here? Because the parties have been in trademark litigation in Denmark, the home country of SGD. Plaintiff lost that litigation and has even recently lost on appeal. Hence, this California case was filed as leverage to try to get a settlement to negate Plaintiff's loss in Denmark.

## II.   FACTUAL BACKGROUND

Sports Group Denmark is a Danish company, with its headquarters in Silkeborg, Denmark. Hauge Decl. ¶¶5, 7. Rasmus Hauge is the Chief Financial Officer of SGD, and has been with SGD since April 1, 2019. *Id*. at ¶5.

SGD designs, produces, and distributes sportswear, casual clothing, accessories, and footwear, with its primary market in Scandinavia. *Id*. at 8. The company has 26 different brands, which includes ATHLECIA, the brand that is at issue in this case. *Id*. at 8. SGD operates two websites, sports-group-sgd.com, which is for the company, and shop.sports-group.dk, which is for sales of SGD product. Both web sites are located and maintained in Denmark. *Id*. at ¶20.

The shop.sports-group.dk website lists ATHLECIA apparel, and SGD's other brands, for purchase (the "Shop website"). *Id*. at ¶¶20-21. The Shop website is Danish centered; the website specifies that any purchase is subject to Danish law, all disputes are settled in Danish courts, all returns are to Denmark, and all prices are listed in Danish Krone (DKK). The Shop website does not accept U.S. dollars. *Id*. at ¶20. During the period of 2021 to the present, about 66% of the online sales through the Shop website were to consumers located in Scandinavia countries. *Id*. at ¶ 20.

SGD does not have any connection with California or the United States.  SGD does not have any stores in California or the U.S., and does not have any employees that reside or work remotely in California or the U.S.  *Id*. at ¶¶9, 15.  SGD also does no business, owns no property, has no bank accounts, pays no taxes, has not registered to do business, and has not appointed an agent for service of process in California or in any other state in the U.S.  *Id*. at ¶¶12,13, 14, 15.  SGD did file an application to register ATHLECIA with the U.S. Trademark Office, but later withdrew the application, which now stands abandoned.  KEG Decl., Ex. A.

SGD has not sold any ATHLECIA apparel in California or the U.S., and does not advertise or promote ATHLECIA apparel in California or the U.S.  *Id*. at ¶¶17, 18.  SGD also has not sold any ATHLECIA apparel to Plaintiff.  *Id*. at ¶18.  SGD has no connection with California or the U.S.  As such, SGD has not used the ATHLECIA trademark in commerce anywhere in the U.S.

### III.  ARGUMENT

Plaintiff bears the burden of establishing that this Court has personal jurisdiction over SGD.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  Plaintiff claims that specific personal jurisdiction exists under the California long-arm statute because SGD has purposely directed its activities at California residents. ECF No. 1 at 3-4. In the alternative, Plaintiff asserts that personal jurisdiction exists under Fed.R.Civ.P. 4(k)(2).  ECF No. 1 at 4.  Personal jurisdiction does not exist because Plaintiff has not alleged any acts by SGD that take place in California, and filing a trademark application is insufficient to show haling SGD into Court comports with due process.

**A.  There Is No Personal Jurisdiction Over Sports Group Denmark**

Specific personal jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Adobe Sys. Inc. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-cv-02991-JST, 2015 BL 331300, 2015 US Dist Lexis 137153, 2015 WL 5834135 (N.D. Cal. Oct. 07, 2015), *Citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) (internal quotation marks omitted).  The Ninth Circuit has established a

three-part test to determine if specific jurisdiction exists:

> "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Schwarzenegger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citations omitted). Here, Plaintiff has not and cannot satisfy the first two prongs.

### 1. SGD has not committed any act expressly aimed at California.

Courts apply a three-part test to determine if a defendant purposely directed its actions at the forum. *Calder v. Jones*, 465 U.S. 783 (1984). The *Calder* test requires a defendant have:

> "(1) committed an intentional act,
>
>  (2) expressly aimed at the forum state,
>
>  (3) causing harm that the defendant knows is likely to be suffered in the forum state."

*Adobe* Plaintiff must satisfy all three parts of the *Calder* test. *Schwarzenegger,* at 805.

**a. There is no intentional act by SGD.**

An intentional act is one that is committed by the defendant. Here the uncontested facts establish there was no such intentional act by SGD.

Plaintiff did not allege that SGD sold or shipped ATHLECIA apparel to California. Why Plaintiff did not make such an allegation is explained by the Hauge Declaration submitted with this Motion: SGD has never sold ATHLECIA apparel in California (Hauge Decl. ¶9), and has never sold ATHLECIA apparel to Plaintiff, or anyone located in California. *Id.* ¶18.

All Plaintiff has is an alleged purchase by Plaintiff's agent of product shipped to this District. ECF No. 1 at 11, ¶33. That purchase however cannot create an intentional act by SGD. "A plaintiff cannot manufacture personal jurisdiction in a trademark case by purchasing the accused product in the forum state." *One True Vine, LLC v. Liquid Brands, LLC,* No. Case No: C 10-04102 SBA., 2011 BL 143818, 2011 US Dist Lexis 58322, 2011 WL 2148933 (N.D. Cal. May 31, 2011), citing *Clarus Transphase Scientific, Inc. v. Q-Ray, Inc.*, No. C 06-3450, [2006 BL 110516], 2006 WL 2374738 at *3 n. 3 (N.D. Cal. Aug 16, 2006). That is especially true here where the evidence is that SGD does not sell to California, and there is no allegation by Plaintiff that the product was purchased from SGD.

Clearly the only reason for Plaintiff to purchase ATHLECIA apparel was to try to manufacture jurisdiction. In the absence of facts to the contrary, the first part of the *Calder* test is not satisfied.

**b. SGD did not expressly aim its actions at California.**

The second part of the *Calder* test, express aiming, requires "a showing that the 'defendant's conduct connects him to the *forum* in a meaningful way,' not just residents who live in the forum." *St Andrews Links*, p. 4, (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014) (emphasis added)). "Express aiming requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum, because 'the plaintiff cannot be the only link between the defendant and the forum.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021) (quoting *Walden*, 571 U.S. at 285). Here, Plaintiff is the only link between SGD and California.

Plaintiff has not plead any acts by SGD that were expressly aimed at the forum. The retail outlets referenced in Exhibit F are third party retailers. ECF No. 1-1 at 63-70. Rather, the facts of the Hauge Declaration show there is no express aiming by SGD: SGD's principal place of business and headquarters is in Silkeborg, Denmark (*Id*. at ¶7); Scandinavia is the primary market for SGD apparel (*Id*. at ¶2); SGD's business locations are outside the U.S., and SGD's apparel is manufactured mainly in Asia and Europe. (*Id*.,¶19). SGD does not have any stores in California, and does not own or lease property in California. *Id*., ¶¶9, 10. SGD does no

business, owns no property, has no bank accounts, pays no taxes in California. *Id*. ¶12. SGD also has never registered to do business in California, has never appointed an agent for service of process in California, and has no employees that reside in or work remotely from California. *Id*., ¶¶13-15. There is no evidence that SGD has any link to California.

Plaintiff's allegation that SGD owns two websites is not enough to demonstrate express aiming by SGD. Courts consider several factors in determining if a defendant has done "something more" than just have a website. This includes: "the interactivity of the defendant's website; the geographic scope of the defendant's commercial ambitions; and whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Mavrix Photo Inc. v. Brand Technologies Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011). Again, the facts do not show that SGD did "something more" than just own the websites.

SGD owns and maintains two websites in Denmark: https://sports-group-sgd.com/, which is about the company, and https://shop.sports-group.dk, which is about the products. Hauge Decl. ¶21. Both websites are hosted and maintained in Denmark. The product website specifies that any purchase is subject to Danish law and disputes settled in the Danish courts. *Id.* at ¶20. All prices are listed in Danish Krone (DKK), and all returns are to Denmark. *Id.* at ¶20. Scandinavian countries are the primary market for ATHLECIA apparel sold though the product website. *Id.* at ¶21. No sales of ATHLECIA product have been made to consumers located in California or the U.S., and the website does not accept orders to be shipped to the U.S. or payment in U.S. dollars. *Id.* at ¶¶20, 22.

There simply is no evidence that SGD has done "something more" than merely own the websites. The evidence does not establish any conduct by SGD that directly targeted the forum. Plaintiff has not met its burden under the "intentional" test or the "effects" test. Personal jurisdiction over SGD should not be found.

**B. There is no personal jurisdiction under Rule 4(k)(2).**

Plaintiff also claims this Court has personal jurisdiction over SGD under Fed.R.Civ.P. 4(k)(2). ECF No. 1 at 4, ¶11. "Personal jurisdiction is proper under Rule 4(k)(2) when (1) the action arises under federal law, (2) 'the defendant is not subject to jurisdiction in any state's

6

courts of general jurisdiction,' and (3) the court's exercise of jurisdiction comports with due process." *Ayla*, 11 F.4th at 978.  The question here is whether haling SGD into this forum comports with due process.  The facts show that it would not.

"Under Rule 4(k)(2), the due process analysis 'is nearly identical to traditional personal jurisdiction analysis ... [but] rather than considering contacts between [the defendant] and the forum state, we consider contacts with the nation as a whole.'" *Ayla*, 11 F. 4th at 989, citing *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007).  The *Calder* test is applied in making this analysis. *Ayla*, 11 F. 4th at 980.

 The only other contact Plaintiff has alleged is that SGD filed a trademark application (now abandoned) with the U.S. Patent and Trademark. ECF No. 1 at 11, ¶35.  The act of filing a trademark application however is not enough to find express aiming. *See Allergan, Inc. v. Dermavita Ltd. P'ship, Dima Corp. S.A.*, No. SACV 17-00619-CJC (DFMx), 2018 WL 1406913, at *4 (C.D. Cal. Jan. 3, 2018) (finding defendant's "filing of trademark applications and petitions to cancel [plaintiff's] trademarks" insufficient to establish jurisdiction under Rule 4(k)(2)); and *Fumoto Giken Co. v. Mistuoka*, No. CV 14-9797 DMG (MRWx), 2015 WL 12766167, at *5 (C.D. Cal. Apr. 16, 2015) ("[T]his Court is not persuaded that the mere registration of a trademark with the PTO, without more, amounts to the type of minimum contacts which would justify haling a foreign defendant into federal court.").

In short, SGD's contacts with California or the U.S. do not even rise to the level of "scant, fleeting, and attenuated."  Accordingly, the Complaint should dismiss for lack of personal jurisdiction.

### C.  Plaintiff has failed to state a claim for trademark infringement and unfair competition.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A complaint that does not state a plausible claim for relief must be dismissed. *Id.* at 679.  Here, Plaintiff has failed to plead facts to show it is entitled to relief.

The Complaint alleges federal trademark infringement under 15 USC §1114(1), and federal unfair competition under 15 USC §1125(a)(1)(A). ECF No. 1. What these counts have in common is the requirement that the complained of trademark must be in use in commerce by the defendant. Both counts fail because Plaintiff has not alleged facts to establish the statutorily required use by SGD of the trademark in commerce. Because there is no pleading of use in the U.S. by SGD of the ATHLECIA trademark, the Complaint must be dismissed for failure to state a claim.

The Lanham Act imposes liability for infringement of a registered mark 15 U.S.C. §1114(a), and for unfair competition. 15 U.S.C. §1125(a). *Combe Inc. v. Dr. Aug. Wolff GmbH*, 309 F.Supp.3d 414, 419 (E.D. Va. 2018). To state a claim for trademark infringement or unfair competition, "plaintiff must allege and establish, *inter alia*, facts showing defendant's 'use in [United States] commerce' of the mark." *Id*. (dismissing the complaint where there were no allegations or evidence of record that defendant sold or transported product bearing the offending trademark in the U.S.). "Use in commerce" for trademark infringement and unfair competition requires that the mark be used on a good that is "'sold or transported in commerce'" that can be regulated by Congress. 15 U.S.C. § 1127." *Id*. at 422. Plaintiff here has not plead any "use in commerce" by SGD of the ATHLECIA trademark.

Plaintiff's claim that ATHLECIA goods have "been purchased by agents of Plaintiff into this District" (ECF No. 1 at 11, ¶33), does not satisfy the statutory "use in commerce" requirement. Plaintiff has not alleged that ATHLECIA apparel was purchased from SGD, and the evidence is that SGD does not sell or ship ATHLECIA products into the U.S. Hauge Decl. ¶¶18, 22, 23. If there was any use of the trademark in commerce, it was not by SGD.

Plaintiff's conclusory allegation, without more, that SGD "intends to begin offering" its products "directly to consumers within the United States" (ECF No. 1 at 11, ¶34), also does not meet the "use in commerce" requirement. "Use" means present use, not future possible use. The evidence does not show that SGD is taking steps to offer ATHLECIA product directly to U.S. consumers. The website, which is located in Denmark, is in Danish Krone, does not allow shipment to the U.S., does not allow payment in U.S. dollars, provides no toll-free number for

U.S. customers, and returns are to Denmark.  Hauge Decl. ¶¶20, 22.  Plaintiff's conclusory allegations "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 679.

Moreover, the mere existence of SGD's product website does not satisfy the "use in commerce" statutory requirement, particularly where there is no evidence of sales to the U.S.  If that was enough, the requested injunctive relief would have an extraterritorial effect because it would restrain SGD's activities outside the U.S.  *Combe,* 309 F.Supp.3d at 424.

In the absence of factual allegations that SGD is using the ATHLECIA mark in the U.S., the counts for trademark infringement and unfair competition under federal law must fail.  The absence of "use in commerce" of the ATHLECIA mark by SGD dooms Counts I and II.

**D.  Plaintiff has failed to state a claim for unfair competition under California law.**

The count for unfair competition under California law must also be dismissed for the same reasons the complaint is deficient under federal law.  The Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code Sec. 17200 are 'substantially congruent' to claims made under the Lanham Act. *See Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir.1991) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir.1988) (holding that under both, the 'ultimate test' is 'whether the public is likely to be deceived or confused by the similarity of the marks') (internal quotations omitted)); *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F.Supp. 1346, 1362 (C.D.Cal.1984) (concluding that misappropriation deemed 'unfair'  under the Lanham Act is also 'wrongful' and proscribed under Sec. 17200)." *Cleary v. News Corp.*, 30 F.3d 1255, 1262-1263 (9th Cir. 1994).

There is no allegation of SGD's use in California of the ATHLECIA trademark on goods. Any harm Plaintiff has allegedly suffered is due to Plaintiff's own action of purchasing SGD's products.  In the absence of facts that show sales of  ATHLECIA product by SGD in California, this count must also fail.

**IV.  CONCLUSION**

Plaintiff has not made a prima facie case of personal jurisdiction over SGD under the California long-arm statue or under Rule 4(k)(2).  There is no evidence that SGD has any link to

California or the United States.  Plaintiff has also failed to allege any use commerce by SGD of the ATHLECIA trademark, which is fatal to all counts in the Complaint.

For the foregoing reasons, SGD respectfully requests that its motion to dismiss for lack of personal jurisdiction, and for failure to state a claim be granted, and that the Complaint be dismissed.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BEESON SKINNER BEVERLY, LLP |
| Date: November 4, 2022 | By: __/s/ Brian Beverly_____<br>Brian Beverly<br>BEESON SKINNER BEVERLY, LLP<br>1 Kaiser Plaza, Suite 750<br>Oakland, CA 94612<br>Phone:(510) 832-8700 ext. 117<br>Email:  BBeverly@bsbllp.com |
|  | Of counsel: |
|  | Arne M. Olson (*pro hac vice to be filed*)<br>Kathryn M. Garipay (*pro hac vice to be filed*)<br>OLSON & CEPURITIS, LTD.<br>20 N. Wacker Dr., 36th Floor<br>Chicago, IL 60606-3113<br>aolson@olsonip.com<br>kgaripay@olsonip.com |
|  | *Attorneys for Defendant*<br>*Sports Group Denmark A/S* |