MARK R. CONRAD (CA Bar No. 255667)
 *mconrad@conmetkane.com*
FELIPE CORREDOR (CA Bar No. 295692)
 *fcorredor@conmetkane.com*
**CONRAD METLITZKY KANE LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 343-7100

JAMES D. WEINBERGER (admitted *pro hac vice*)
 *jweinberger@fzlz.com*
DANIEL M. NUZZACI (admitted *pro hac vice*)
 *dnuzzaci@fzlz.com*
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
151 West 42nd Street, 17th Floor
New York, New York 10036
Telephone: (212) 813-5900

*Attorneys for Plaintiff Athleta, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ATHLETA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPORTS GROUP DENMARK A/S, <br><br> Defendant. | Case No. 4:22-cv-03192-JST <br><br> **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM** <br><br> Judge: Hon. Jon S. Tigar <br> Courtroom: Courtroom 6, 2nd Floor <br> Hearing: January 26, 2023 <br> Time: 2:00 p.m. |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

I.    Standard for Motion to Dismiss ................................................................................... 2

II.    The Court Has Personal Jurisdiction Over Defendant ................................................. 3

        A.    Personal Jurisdiction Exists Under California's Long-Arm Statute ............... 3

            i.    First Prong: Defendant Purposefully Directed Activities to California ............ 4

            ii.    Second Prong: Plaintiff's Claims Arise from Defendant's Conduct ................. 8

        B.    Personal Jurisdiction Exists Under the Federal Long-Arm Statute ................ 8

III.    Plaintiff Has Stated a Claim for Trademark Infringement and Unfair Competition ... 10

IV.    Plaintiff Has Stated a Claim for Unfair Competition Under California Law ............. 12

V.    The Court Should Permit Plaintiff to Conduct Jurisdictional Discovery ................... 12

CONCLUSION ...................................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*AirWair International Ltd. v. Schultz*,
   73 F. Supp. 3d 1225 (N.D. Cal. 2014) ................................................................................*passim*

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................ 2, 3

*Ballard v. Savage*,
   65 F.3d 1495 (9th Cir. 1995) ........................................................................................................ 2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................................... 2

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994) ...................................................................................................... 6

*Calix Networks, Inc. v. Wi-Lan, Inc.*,
   09-CV-6038 (CRB)(DMR), 2010 WL 3515759 (N.D. Cal. Sept. 8, 2010) ................. 12-13, 13

*Chanel, Inc. v. Yang*,
   12-CV-4428 (PJH), 2013 WL 5755217 (N.D. Cal. Oct. 21, 2013) ........................................ 6-7

*CytoSport, Inc. v. Cytogenix Sports Laboratories, SRL*,
   10-CV-0700 (WBS)(KJM), 2010 WL 5418883 (E.D. Cal. Dec. 23, 2010) ........................... 10

*Dole Food Co. v. Watts*,
   303 F.3d 1104 (9th Cir. 2002) ...................................................................................................... 4

*eMag Solutions, LLC v. Toda Kogyo Corp.*,
   02-CV-1611 (PJH), 2006 WL 3783548 (N.D. Cal. Dec. 21, 2006) ......................................... 13

*FOX Factory, Inc. v. SRAM, LLC*, 16-CV-0506 (WHO), 16-CV-3716 (WHO),
   2017 WL 4551486 (N.D. Cal. Oct. 11, 2017) ............................................................................ 5

*Genomics v. Song*,
   21-CV-4507 (JST), 2022 WL 2204361 (N.D. Cal. Mar. 25, 2022) ......................................... 13

*Hologram USA Inc. v. Arena3d Industrial Illusions LLC*,
   14-CV-3072 (BRO)(AGRx), 2014 WL 12560619 (C.D. Cal. July 23, 2014) .......................... 7

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ..................................................................................................................... 3

*Kellytoy Worldwide, Inc. v. Jay at Play International Hong Kong Ltd.*,
   19-CV-7831 (AB)(MRW), 2019 WL 8064196 (C.D. Cal. Dec. 5, 2019) ................................. 5

*Laub v. United States Department of Interior*,
   342 F.3d 1080 (9th Cir. 2003) .................................................................................................... 12

*Levi Strauss & Co. v. Toyo Enterprise Co.*,
   665 F. Supp. 2d 1084 (N.D. Cal. 2009) .................................................................................. 5, 8

*LiveCareer, Ltd v. Su Jia Technologies Ltd.*,
　14-CV-3336 (JST), 2014 WL 7187171 (N.D. Cal. Dec. 15, 2014) ......................................... 13

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*,
　647 F.3d 1218 (9th Cir. 2011) .................................................................................................. 2

*Monolithic Power Systems, Inc. v. Silergy Corp.*,
　10-CV-1533 (CAS)(AGRx), 2011 WL 2470457 (C.D. Cal. June 20, 2011) ........................... 5

*Monster Cable Products, Inc. v. EuroFlex S.R.L.*,
　642 F. Supp. 2d 1001 (N.D. Cal. 2009) .................................................................................. 10

*Natural Wellness Centers of America, Inc. v. Golden Health Products, Inc.*,
　12-CV-5586 (CW), 2013 WL 245594 (N.D. Cal. Jan. 22, 2013) ............................................. 8

*Payrovi v. LG Chem America, Inc.*,
　491 F. Supp. 3d 597 (N.D. Cal. 2020) ...................................................................................... 3

*Pebble Beach Co. v. Caddy*,
　453 F.3d 1151 (9th Cir. 2006) ............................................................................................. 2, 9

*Pinkerton Tobacco Co. v. Art Factory AB*,
　20-CV-1322 (SB)(MRW), 2021 WL 541441 (C.D. Cal. Jan. 28, 2021) ............................. 4-5

*Resnick v. Hayes*,
　213 F.3d 443 (9th Cir. 2000) .................................................................................................... 3

*Ross v. Abbott Vascular Inc.*,
　19-CV-03794 (JST), 2020 WL 4934487 (N.D. Cal. Apr. 6, 2020) ........................................ 13

*Salu, Inc. v. Original Skin Store*,
　08-CV-1035 (FCD)(KJM), 2008 WL 3863434 (E.D. Cal. Aug. 13, 2008) ............................. 7

*Sher v. Johnson*,
　911 F.2d 1357 (9th Cir. 1990) .................................................................................................. 3

*In re Silenus Wines, Inc.*,
　557 F.2d 806 (C.C.P.A. 1977) ................................................................................................ 11

*Smith Enterprise, Inc. v. Capital City Firearms*,
　07-CV-2163 (PHX)(EHC), 2008 WL 2561882 (D. Ariz. June 24, 2008) ............................... 7

*St Andrews Links Ltd. v. Source & Design International (UK) LTD*,
　21-CV-6470 (JST), 2022 WL 11902199 (N.D. Cal. Oct. 20, 2022) ......................................... 7

*Starlight International, Ltd. v. Lifeguard Health, LLC*,
　08-CV-1894 (RS), 2008 WL 2899903 (N.D. Cal. July 22, 2008) ............................................ 7

*Steel v. United States*,
　813 F.2d 1545 (9th Cir. 1987) ................................................................................................ 10

*ThermoLife International, LLC v. Compound Solutions, Inc.*,
　848 F. App'x 706 (9th Cir. 2021) ........................................................................................... 12

*Vanity.com, Inc. v. Vanity Shop of Grand Forks, Inc.*,
    12-CV-2912 (SI), 2012 WL 4755041 (N.D. Cal. Oct. 4, 2012) ............................................... 7

*VMR Products, LLC v. V2H ApS*,
    13-CV-7719 (CBM)(JEM), 2014 WL 12591932 (C.D. Cal. Aug. 4, 2014) ........................... 10

**STATUTES**

15 U.S.C. § 1127 ...................................................................................................................... 11

15 U.S.C. § 1141f .................................................................................................................. 1, 4

Cal. Code Civ. Proc. § 410.10 .................................................................................................... 3

**RULES**

Fed. R. Civ. P. 4 ...................................................................................................................... 3, 8

Fed R. Civ. P. 12 ................................................................................................................*passim*

Plaintiff Athleta, Inc. ("Plaintiff") submits this memorandum of law in opposition to Defendant Sports Group Denmark A/S's ("Defendant") motion to dismiss for lack of personal jurisdiction and failure to state a claim (ECF No. 28, the "Motion").

## PRELIMINARY STATEMENT

Plaintiff—a California-based company and owner of the well-known ATHLETA brand and mark—brings this trademark infringement lawsuit against Defendant based on its use of the trademark "ATHLECIA (and Design)" in connection with athletic apparel. A comparison of the parties' respective marks as they appear on neck labels for athletic apparel is shown below:




(Complaint, ECF No. 1 ¶¶ 15, 32.) Despite its infringing products being sold directly to consumers in the United States (including California) by third-party retailers and despite Defendant having declared under penalty of perjury that it has an "intention to use" the ATHLECIA (and Design) mark in United States commerce in connection with its federal trademark application filed pursuant to Section 66(a) of the Lanham, 15 U.S.C. § 1141f(a), Defendant claims that it cannot be sued in the United States and has moved to dismiss the complaint for lack of personal jurisdiction. In addition, Defendant moves to dismiss for failure to state claim based on its argument that Plaintiff has not alleged "use in commerce" of the infringing ATHLECIA (and Design) trademark. Defendant's Motion fails on both grounds.

With respect to personal jurisdiction, the Motion should be denied because the Court may exercise personal jurisdiction over Defendant pursuant to either California's long-arm statute or the federal long-arm statute. Defendant sells its infringing products bearing the ATHLECIA (and Design) mark to third-party retailers who market, promote, and sell such products directly to consumers in the United States (including California). By using these distribution channels and placing its infringing products in a stream of commerce that foreseeably—and, indeed,

intentionally—reaches the United States, Defendant has availed itself of the privilege of doing business here and has established sufficient "minimum contacts" to be sued here. Moreover, Defendant has further contacts with the United States as a whole based on its pending trademark application to register the ATHLECIA (and Design) mark with the U.S. Patent and Trademark Office. With respect to failure to state a claim, the Motion should be denied because the sale of Defendant's athletic apparel products bearing the ATHLECIA (and Design) mark directly into the United States satisfies the Lanham Act's statutory definition of "use in commerce."

Accordingly, the Motion should be denied in its entirety. In the alternative, Plaintiff seeks leave of the Court to conduct jurisdictional discovery to probe the claims made in the Motion.

## ARGUMENT

### I. Standard for Motion to Dismiss

For a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), while the plaintiff bears the burden of showing that the Court has personal jurisdiction over the defendant, "this demonstration requires that the plaintiff make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss" and the Court must "resolve[] all disputed facts in favor of the plaintiff." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citation and internal quotation marks omitted); *see also Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) ("When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss."). While the Court may consider evidence presented in affidavits in determining personal jurisdiction, "uncontroverted allegations in the complaint must be taken as true." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

For a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), dismissal may only be granted where the plaintiff fails "to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

2

CASE NO. 4:22-CV-03192-JST    PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

is facially plausible "when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

## II.  The Court Has Personal Jurisdiction Over Defendant

Despite the Motion's claims to the contrary, the Court may exercise personal jurisdiction over Defendant pursuant to either (1) California's long-arm statute, Cal. Code Civ. Proc. § 410.10 or (2) the federal long-arm statute, Fed. R. Civ. P. 4(k)(2).

### A.  Personal Jurisdiction Exists Under California's Long-Arm Statute

"There are two limitations that restrict a court's power to exercise personal jurisdiction over a nonresident defendant: the constitutional principles of due process and the applicable state personal jurisdiction rule." *Payrovi v. LG Chem Am., Inc.*, 491 F. Supp. 3d 597, 602 (N.D. Cal. 2020). California's personal jurisdictional statute is "coextensive with the outer limits of due process," meaning that personal jurisdictional inquiries under California law are constrained solely by federal constitutional principles. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *see also* Cal. Code Civ. Proc. § 410.10.

The United States Supreme Court has held that a court may exercise personal jurisdiction over a non-resident defendant when the defendant has "minimum contacts" with the forum state such that jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation and internal quotation marks omitted). For specific personal jurisdiction, "the Ninth Circuit has adopted a three-part test that requires the plaintiff to show: (1) the defendant purposefully directed its activities at residents of the forum or purposefully availed itself of the privilege of doing business in the forum; (2) that the plaintiff's claim arises out of or relates to those activities; and (3) that the assertion of personal jurisdiction is reasonable and fair." *AirWair Int'l Ltd. v. Schultz*, 73 F. Supp. 3d 1225, 1232 (N.D. Cal. 2014). "It is the plaintiff's burden to plead allegations satisfying the first two prongs. If the plaintiff does so, the burden then shifts to the defendant to show why the exercise of personal jurisdiction would not

be reasonable and fair." *Id.* Here, the first and second prong are satisfied, and Defendant has not made—and has therefore waived—arguments as to the third prong.

### i.  First Prong: Defendant Purposefully Directed Activities to California

To establish purposeful direction, a plaintiff must satisfy a three-part test: (1) the defendant must have committed an intentional act; (2) the defendant's act must have been expressly aimed at the forum state; and (3) the defendant must have known the brunt of the harm was likely to be suffered in the forum state. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Defendant argues that the facts asserted in the Declaration of Rasmus Hauge (ECF No. 28-2, the "Hauge Declaration") establish that Defendant did not commit any intentional act expressly aimed at California. (ECF No. 28 at 7-9.) However, the Hauge Declaration is equally important for what it *fails* to state. Nowhere in the Hauge Declaration does Mr. Hauge—Defendant's Chief Financial Officer—assert that Defendant has no intentions or business plans to begin offering goods and services under the ATHLECIA (and Design) mark in the United States. Nor could Mr. Hauge make such a statement given that Defendant filed a trademark application in the U.S. Patent and Trademark Office ("USPTO") pursuant to Section 66(a) of the Lanham Act to register the infringing mark and declared under penalty of perjury that it, as of the date the Complaint was filed, had a *bona fide* intention to use the mark in United States commerce. (ECF No. 1 ¶ 35); *see also* 15 U.S.C. § 1141f(a) ("A request for extension of protection of an international registration to the United States . . . shall be deemed to be properly filed in the United States if such request . . . has attached to it a declaration of bona fide intention to use the mark in commerce that is verified by the applicant for, or holder of, the international registration."). Indeed, based on the contents (or lack thereof) of the Hauge Declaration, the Court must accept as true Plaintiff's allegation in the complaint that "Defendant *intends* to begin offering its goods and services under the Infringing Mark directly to consumers within the United States." (ECF No. 1 ¶ 34.)

In addition, a "stream of commerce" theory adequately supports the exercise of jurisdiction here. Under this theory, California courts exercise jurisdiction over foreign defendants in trademark infringement actions "where the defendant employs an established distribution channel that ends in California." *Pinkerton Tobacco Co. v. Art Factory AB*, 20-CV-1322 (SB)(MRW),

2021 WL 541441, at *2 (C.D. Cal. Jan. 28, 2021); *Monolithic Power Sys., Inc. v. Silergy Corp.*, 10-CV-1533 (CAS)(AGRx), 2011 WL 2470457, at *5 (C.D. Cal. June 20, 2011) (finding personal jurisdiction over foreign corporation when evidence demonstrated defendant "could reasonably foresee that its component parts would end up in California"). Indeed, courts have exercised personal jurisdiction based on a stream of commerce theory in cases where the foreign defendant sends its products through a distribution channel in which the goods are ultimately sold to California consumers. *See, e.g.*, *FOX Factory, Inc. v. SRAM, LLC*, 16-CV-0506 (WHO), 16-CV-3716 (WHO), 2017 WL 4551486, at *5 (N.D. Cal. Oct. 11, 2017) (finding personal jurisdiction where the foreign defendant "manufacture[d] the accused products in Taiwan and . . . eventually sold [them] to California consumers at dozens of retail locations").

The fact that Defendant's websites purportedly do not accept orders to be shipped to the United States (ECF No. 28-2 ¶ 22) is not dispositive because Defendant employs trade channels for its infringing apparel and clothing accessory products that lead to such goods being sold in California. For example, Mr. Hauge admits that Defendant's infringing products are sold on Amazon. (ECF No. 28-2 ¶ 23.) Moreover, Defendant distributes its infringing products to third parties (including *The GAA Store / McKeever Sports* and *Sport Conrad*) that directly target the United States and have consummated sales with consumers in California. (*See* ECF No. 1 ¶ 33; ECF No. 1-1 at 64-76.) Indeed, the website for *The GAA Store / McKeever Sports* displays an American flag and notes that its orders feature "fully trackable shipping to United States with DHL Express." (ECF No. 1-1 at 64.) Because Defendant knew that Plaintiff is a California-based company and intentionally sold its infringing products to third parties who target American consumers and, in turn, sell such products to consumers in the United States (including in California), Defendant has intentionally targeted California via an actionable stream of commerce. *See Kellytoy Worldwide, Inc. v. Jay at Play Int'l H.K. Ltd.*, 19-CV-7831 (AB)(MRW), 2019 WL 8064196, at *4 (C.D. Cal. Dec. 5, 2019) ("[E]xpress aiming is generally satisfied when the plaintiff alleges that the defendant, knowing that the plaintiff is a resident of the forum state, engages in wrongful conduct targeted at the plaintiff."); *Levi Strauss & Co. v. Toyo Enter. Co.*, 665 F. Supp. 2d 1084, 1094 (N.D. Cal. 2009) (finding that "Plaintiff has sufficiently shown that

Defendants purposefully directed their conduct at California" where plaintiff argued that "because its principal place of business is in San Francisco and because it advertises and sells trademarked LEVIS® products in California—facts which Defendants, as competitors in the jeans market were aware of—Defendants' infringing conduct was directly aimed at California"); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1560, 1564-66 (Fed. Cir. 1994) (reversing dismissal for lack of personal jurisdiction over foreign infringer because it placed the accused products in the stream of commerce through indirect shipment, knew the likely destination of the products, and should have anticipated being brought into court there, even though it was incorporated in and manufactured the accused products solely in Asia; had no assets, employees, agent for service of process in the forum; and lacked a license to do business in the forum).

Defendant asserts that "[a] plaintiff cannot manufacture personal jurisdiction in a trademark case by purchasing the accused product in the forum state" and that a "single sale is still insufficient to satisfy the express aiming prong." (ECF No. 28 at 4, 8.) As an initial matter, Plaintiff does not assert in the complaint that there only has been a "single sale" of Defendant's infringing products into California. Nor does the Hauge Declaration contain any statement that there only has been one such sale. Rather, Plaintiff asserts that "Defendant's products sold under the Infringing Marks can be purchased and shipped to California consumers and have in fact been purchased by agents of Plaintiff into this District." (ECF No. 1 ¶ 33.) Plaintiff has not attempted to "manufacture" personal jurisdiction at all—the sale into California by Plaintiff's agent is merely evidence that consumers from California easily can purchase Defendant's infringing products on the internet and have those products shipped to California. Indeed, because Defendant places its infringing products into a stream of commerce that culminates in the California—as noted above, the third-party websites target consumers in the United States—it is highly likely that there are *many* sales of Defendant's infringing products into California. Without jurisdictional discovery, Plaintiff cannot know the exact number of sales of Defendant's infringing products that have been sold through third parties to California consumers.

In addition to the foregoing, Defendant also is incorrect as that a single sale is insufficient to establish jurisdiction in California. In *Chanel, Inc. v. Yang*, the Court found that "[p]laintiff's

investigator purchased a counterfeit Chanel-branded handbag from one of the subject domain names . . . and received the handbag in San Francisco, California" and that "[s]uch commercial activity in the forum amounts to purposeful availment of the privilege of conducting activities within the forum." 12-CV-4428 (PJH), 2013 WL 5755217, at *7 (N.D. Cal. Oct. 21, 2013). Moreover, while some cases have found that "a single sale in the forum state [] is insufficient to satisfy the 'fairly high' standard for establishing *general* personal jurisdiction," *see, e.g.*, *Hologram USA Inc. v. Arena3d Indus. Illusions LLC*, 14-CV-3072 (BRO)(AGRx), 2014 WL 12560619, at *4 (C.D. Cal. July 23, 2014) (emphasis added), many cases have found that a small number of sales from an online website is sufficient to confer *specific* jurisdiction. *See, e.g.*, *Vanity.com, Inc. v. Vanity Shop of Grand Forks, Inc.*, 12-CV-2912 (SI), 2012 WL 4755041, at *3 (N.D. Cal. Oct. 4, 2012) (finding specific jurisdiction where defendant's online sales to forum state made up "approximately 0.02% of [ ] total sales"); *Smith Enter., Inc. v. Cap. City Firearms*, 07-CV-2163 (PHX)(EHC), 2008 WL 2561882, at *5 (D. Ariz. June 24, 2008) (finding purposeful direction where "Defendant maintained an interactive website and consummated over 100 sales" with residents of the forum state that were "2.75% of Defendant's total revenues"); *Salu, Inc. v. Original Skin Store*, 08-CV-1035 (FCD)(KJM), 2008 WL 3863434, at *5 (E.D. Cal. Aug. 13, 2008) ("[Defendant's] sales to California customers . . . constituted approximately 14% of its total business. As such, defendant intentionally engaged in commercial transactions with California residents."); *Starlight Int'l, Ltd. v. Lifeguard Health, LLC*, 08-CV-1894 (RS), 2008 WL 2899903, at *2 (N.D. Cal. July 22, 2008) ("0.24% of sales"). Finally, in *St. Andrews Links*, the plaintiff was a "United Kingdom entity with its principal place of business in Scotland." *St Andrews Links Ltd. v. Source & Design Int'l (UK) LTD*, 21-CV-6470 (JST), 2022 WL 11902199, at *1 (N.D. Cal. Oct. 20, 2022). Conversely, Plaintiff is a California-based company and suffers damage as a result of Defendant's infringement here in California, a fact that was not present in *St. Andrews*.

Based on the foregoing, the first prong of the specific jurisdiction test is satisfied because Defendant purposefully directed its activities toward the forum state by placing its infringing goods in a stream of commerce that culminates in California.

### ii. Second Prong: Plaintiff's Claims Arise from Defendant's Conduct

The second prong—which requires that the plaintiff's claim arises out of or relates to the defendant's conduct—is easily satisfied as well. "To determine whether the plaintiff's claims arise from the defendant's forum-related activities—the second prong of the specific jurisdiction test—courts use a traditional 'but for' causation analysis." *Nat. Wellness Ctrs. of Am., Inc. v. Golden Health Prods., Inc.*, 12-CV-5586 (CW), 2013 WL 245594, at *5 (N.D. Cal. Jan. 22, 2013). The Ninth Circuit has recognized that, in trademark infringement actions, if the defendant's infringing conduct harms the plaintiff in the forum state, this element is satisfied. *See id.* ("Here, Plaintiff alleges that Defendants' alleged infringement led to sales in California that ultimately harmed Plaintiff's business there. This allegation satisfies the second element of specific jurisdiction.").

Here, Plaintiff has alleged that it is a California-based corporation (ECF No. 1 ¶ 7) and that Defendant's offering of identical goods and services under its ATHLECIA (and Design) mark to consumers in the United States (including in California) "is causing irreparable injury to Plaintiff's goodwill and reputation" (ECF No. 1 ¶ 49). Accordingly, the second prong of the specific jurisdiction test is satisfied. *See AirWair Int'l*, 73 F. Supp. 3d at 1238 (finding second prong satisfied where plaintiff "pled that [defendant's] alleged infringement has damaged [plaintiff's] 'business, reputation, and goodwill,' caused [plaintiff] to suffer 'the loss of sales and profits,' and diluted [plaintiff's] trademark."); *Levi Strauss & Co.*, 665 F. Supp. 2d at 1094 (second prong satisfied where plaintiff pled facts showing that "absent Defendants' sale of infringing garments in California, its claims would not have arisen.").

### B.      Personal Jurisdiction Exists Under the Federal Long-Arm Statute

If the Court does not exercise personal jurisdiction over Defendant pursuant to California's long-arm statute, the federal long-arm statute provides an alternative means to do so. Under Federal Rule of Civil Procedure 4(k)(2), a federal court may exercise jurisdiction over a defendant in a federal question case when the defendant has the requisite minimum contacts with the United States as a whole but would not be subject to the personal jurisdiction of any particular state. *See* Fed. R. Civ. P. 4(k)(2). In the Ninth Circuit, "[t]he exercise of Rule 4(k)(2) as a federal long-arm statute requires the plaintiff to prove three factors. First, the claim against the defendant must arise

8
CASE NO. 4:22-CV-03192-JST            PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
                                                      DEFENDANT'S MOTION TO DISMISS

under federal law. Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. Third, the federal court's exercise of personal jurisdiction must comport with due process." *Pebble Beach*, 453 F.3d at 1159 (internal citations omitted). Here, the first two prongs are satisfied because (1) this lawsuit arises under the Lanham Act (*see* ECF No. 1 ¶¶ 38-56) and (2) Defendant has not identified any state court of general jurisdiction to which it is subject to personal jurisdiction. Indeed, Defendant concedes in its Motion that the sole dispute is with respect to the third prong. (ECF No. 28 at 10 ("The question here is whether haling SGD into this forum comports with due process.").)

With respect to the third prong, "[t]he due process analysis is identical to the one discussed above when the forum was California, except here the relevant forum is the entire United States." *Pebble Beach*, 453 F.3d at 1159. As discussed above (*see supra* at 5-8), Defendant sells its infringing products to third parties that directly market, advertise, and sell to consumers in the United States. Because Defendant has developed and utilizes distribution channels that place its products in a stream of commerce that foreseeably—and, indeed, intentionally—culminates in the United States, it has developed sufficient "minimum contacts" with the United States such that jurisdiction "does not offend traditional notions of fair play and substantial justice." *See AirWair Int'l*, 73 F. Supp. 3d at 1234 ("[W]here a defendant *knows*—as opposed to being able to foresee—that an intentional act will impact another state," then "the 'expressly aimed' requirement is satisfied" for purposes of analyzing specific jurisdiction).

Moreover, Defendant has filed a federal trademark application to register its infringing ATHLECIA (and Design) trademark with the USPTO. (*See* ECF No. 1 ¶ 35.) Defendant claims without any evidentiary support that it "withdrew the application" and that it is "now abandoned." (ECF No. 28 at 6, 10.)[1] However, even if Defendant's statements are true and the trademark application is in fact abandoned, the application was pending at the time of the events underlying

---

[1] Defendant's Motion to Dismiss cites to "KEG Decl., Ex. A" in support of its assertion that Defendant "withdrew the application, which now stands abandoned." (ECF No. 28 at 6.) No evidence was filed which corresponds to this citation, and therefore there is no proof of any abandonment in the Motion.

this lawsuit and should be treated by this Court as valid, subsisting, and in full force and effect for purposes of evaluating personal jurisdiction over Defendant. *See Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987). A defendant cannot seek to avail itself of United States trademark protections with an infringing product and then escape liability by backpedaling.

Defendant asserts that "[t]he act of filing a trademark application however is not enough to find express aiming." (ECF No. 28 at 10.) Defendant is wrong as a matter of law: courts in the Ninth Circuit have held that an "application with the USPTO filed by a non-U.S. defendant constitutes purposeful availment for purposes of establishing jurisdiction under Rule 4(k)(2)." *VMR Prods., LLC v. V2H ApS*, 13-CV-7719 (CBM)(JEM), 2014 WL 12591932, at *6 (C.D. Cal. Aug. 4, 2014) (finding that "jurisdiction under Rule 4(k)(2) is established" because the defendants "purposefully availed themselves of U.S. law by filing a trademark application" and because the plaintiff's "claims arise from the [defendants'] use of their marks in the United States."); *CytoSport, Inc. v. Cytogenix Sports Lab'ys, SRL*, 10-CV-0700 (WBS)(KJM), 2010 WL 5418883, at *5 (E.D. Cal. Dec. 23, 2010) (finding personal jurisdiction under Rule 4(k)(2) and noting that "[b]y submitting trademark applications for the 'Cyto' products to the [USPTO], defendant purposefully availed itself of the privilege of doing business in the United States."); *Monster Cable Prods., Inc. v. EuroFlex S.R.L.*, 642 F. Supp. 2d 1001, 1010 (N.D. Cal. 2009) (finding that "application to the PTO to gain trademark protection in the United States for its 'MONSTER' mark constitutes a substantial contact.").

Based on the foregoing, Defendant has purposely availed itself of the privilege of doing business in the United States, and the Court may exercise personal jurisdiction over Defendant pursuant to the federal long-arm statute.

### III. Plaintiff Has Stated a Claim for Trademark Infringement and Unfair Competition

Defendant also has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant's argument about the sufficiency of the pleading fares no better than its jurisdictional position. In support of its argument that the Complaint fails to state claim for relief, Defendant claims that "Plaintiff has not alleged facts to establish the statutorily required use by [Defendant] of the trademark in commerce." (ECF No. 28 at 11.) Under the

Lanham Act, "a mark shall be deemed to be in use in commerce—(1) on goods when—(A) it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and (B) the goods are sold or transported in commerce." 15 U.S.C. § 1127. Defendant asserts that the allegations contained within the complaint do "not satisfy the statutory 'use in commerce' requirement." (ECF No. 28 at 11.)

Defendant's argument is baseless and incorrect. In the Complaint, Plaintiff (1) provided images showing Defendant's infringing ATHLECIA (and Design) mark used directly on various apparel products and packaging therefor (ECF No. 1 ¶ 32); (2) alleged that "Defendant's products sold under the Infringing Marks can be purchased and shipped to California consumers and have in fact been purchased by agents of Plaintiff into this District" (*id.* ¶ 33); and (3) alleged that "Defendant intends to begin offering its goods and services under the Infringing Mark *directly* to consumers within the United States" (*id.* ¶ 34; emphasis added). The foregoing allegations establish "use in commerce" of the ATHLECIA (and Design) mark as the term is defined in the Lanham Act. Defendant's arguments that "Plaintiff has not alleged that ATHLECIA apparel was purchased from SGD" or that Defendant "sell[s] or ship[s] ATHLECIA products into the U.S." are not relevant to use in commerce. If a *prima facie* case for trademark infringement and unfair competition against a foreign defendant required pleading that the infringing products were purchased directly from the infringer and that the infringer sold its products directly into the United States, then a foreign defendant could avoid liability simply by offering its products for sale in the United States through a third-party licensee. The Lanham Act encompasses such conduct. *See* 15 U.S.C. § 1127 (definitions of "commerce" and "use in commerce" explicitly covers commerce between the United States and a foreign country); *see also In re Silenus Wines, Inc.*, 557 F.2d 806, 808-09 (C.C.P.A. 1977) (sales of products imported from abroad in the United States subject to Lanham Act).

Accordingly, Defendant's argument that the Complaint should be dismissed for failure to state a claim because Plaintiff has failed to allege "use in commerce" is unfounded. Plaintiff has

sufficiently alleged that products bearing Defendant's ATHLECIA (and Design) trademark are being sold into the United States. Such allegations establish "use in commerce" and the Motion should therefore be denied to the extent it is based on Federal Rule of Civil Procedure 12(b)(6).

### IV. Plaintiff Has Stated a Claim for Unfair Competition Under California Law

Defendant also argues in conclusory fashion that Plaintiff's claim for unfair competition under California state law should be dismissed for failure to state a claim because "[t]here is no allegation of SGD's use in California of the ATHLECIA trademark on goods." (ECF No. 28 at 12.) Defendant's argument fails with respect to the California state law claim for the same reasons it fails with respect to Plaintiff's Lanham Act claims.

As noted in Defendant's Motion to Dismiss, the Ninth Circuit has consistently held that "state common law claims of unfair competition are 'substantially congruent' to claims made under the Lanham Act, and thus share the same analysis." *ThermoLife Int'l, LLC v. Compound Sols., Inc.*, 848 F. App'x 706, 709 (9th Cir. 2021). Because Plaintiff has successfully pleaded a claim for trademark infringement and unfair competition under the Lanham Act by including specific statements in the complaint (1) showing use of Defendant's infringing ATHLECIA (and Design) mark on clothing and apparel accessories and (2) alleging that sales of such products have occurred in California (ECF No. 1 ¶¶ 32-33), Plaintiff also has pleaded a claim for unfair competition under California law. *See ThermoLife Int'l*, 848 F. App'x at 709 ("Because ThermoLife has stated a false advertising claim under the Lanham Act, it has also stated a common law unfair competition claim.").

### V. The Court Should Permit Plaintiff to Conduct Jurisdictional Discovery

If the Court refuses to exercise personal jurisdiction over Defendant pursuant to either California's long-arm statute or the federal long-arm statute, Plaintiff requests that the Court grant it the opportunity to conduct jurisdictional discovery. "A district court is vested with broad discretion to permit or deny [jurisdictional] discovery." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). In this district, courts have held that "a plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery." *Calix Networks, Inc. v. Wi-Lan, Inc.*, 09-CV-6038 (CRB)(DMR), 2010 WL 3515759, at *4 (N.D. Cal.

Sept. 8, 2010); *see also eMag Sols., LLC v. Toda Kogyo Corp.*, 02-CV-1611 (PJH), 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006) ("It would . . . be counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss."). "Rather, a plaintiff must present a 'colorable basis' for jurisdiction, or 'some evidence' constituting a lesser showing than a prima facie case." *Calix Networks*, 2010 WL 3515759, at *4.

Here, Plaintiff has alleged specific facts showing that Defendant sells its infringing products to third parties that directly target and sell such products to consumers in the United States (including California). (*See* ECF No. 1 ¶¶ 32-33.) Moreover, Defendant has filed a trademark application wherein it declared under penalty of perjury that it has a bona fide intention to use the ATHLECIA (and Design) mark in connection with apparel and clothing accessories in United States commerce. (ECF No. 1 ¶ 35.) Nothing in the self-serving Hauge Declaration disputes, negates, or discredits any of the foregoing facts. Accordingly, Plaintiff has presented a "colorable basis" for establishing personal jurisdiction over Defendant. Indeed, jurisdictional discovery will allow Plaintiff to probe (1) the extent to which infringing goods bearing the ATHLECIA (and Design) mark have be sold to third parties that target the United States (including California); (2) the extent of sales of Defendant's infringing products into the United States (including California) by third parties; and (3) Defendant's "intention to use" the ATHLECIA (and Design) mark in the United States, including any business plans relating thereto and any established distribution channels. Due to the low evidentiary threshold for permitting jurisdictional discovery, this Court has granted such relief many times in similar cases. *See, e.g.*, *Genomics v. Song*, 21-CV-4507 (JST), 2022 WL 2204361, at *12 (N.D. Cal. Mar. 25, 2022) (Tigar, J.) (granting jurisdictional discovery); *Ross v. Abbott Vascular Inc.*, 19-CV-03794 (JST), 2020 WL 4934487, at *8 (N.D. Cal. Apr. 6, 2020) (Tigar, J.) (granting jurisdictional discovery "to ascertain what, if anything, occurred in California."); *LiveCareer, Ltd v. Su Jia Techs. Ltd.*, 14-CV-3336 (JST), 2014 WL 7187171, at *2 (N.D. Cal. Dec. 15, 2014) (Tigar, J.) (granting jurisdictional discovery where "further discovery . . . might well demonstrate facts sufficient to constitute a basis for jurisdiction.").

Accordingly, Plaintiff requests that the Court grant its request for jurisdictional discovery, order the parties to meet and confer about the scope and duration thereof, and file a joint proposal for the Court's review and approval within fourteen days of the Court's order on this issue.

## **CONCLUSION**

The Court may exercise personal jurisdiction over Defendant pursuant to either California's long-arm statute or the federal long-arm statute. Moreover, Defendant's arguments relating to Plaintiff's purported failure to state a claim under Rule 12(b)(6) fail because Plaintiff has alleged use in United States commerce of Defendant's infringing ATHLECIA (and Design) trademark. Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Motion. However—if the Court finds that it cannot exercise personal jurisdiction over Defendant at this time—Plaintiff requests that the Court grant its request to conduct jurisdictional discovery.

Respectfully submitted,

DATED: December 2, 2022           CONRAD | METLITZKY | KANE LLP


*/s/ Mark R. Conrad*
MARK R. CONRAD
*Attorneys for Plaintiff Athleta, Inc.*


DATED: December 2, 2022           FROSS ZELNICK LEHRMAN & ZISSU, P.C.


*/s/ James D. Weinberger*
JAMES D. WEINBERGER
*Attorneys for Plaintiff Athleta, Inc.*

**ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3), I hereby attest that each of the other signatories have concurred in the filing of this document.

                                                */s/ Mark R. Conrad*
                                                MARK R. CONRAD