1

2

3

4                                  UNITED STATES DISTRICT COURT

5                                NORTHERN DISTRICT OF CALIFORNIA

6

7    ATHLETA, INC.,                                  Case No. 22-cv-03192-JST

8                    Plaintiff,

9            v.                                       **ORDER GRANTING MOTION TO
                                                      DISMISS**
10   SPORTS GROUP DENMARK A/S,                        Re: ECF No. 28

11                   Defendant.

12

13          Before the Court is Defendant Sports Group Denmark A/S's motion to dismiss for lack of

14   personal jurisdiction and for failure to state a claim.  ECF No. 28.  The Court will grant the motion

15   for lack of personal jurisdiction.

16   **I.      BACKGROUND**

17          Plaintiff Athleta, Inc. accuses Sports Group Denmark A/S ("SGD"), a Danish company, of

18   infringing its trademarks through its Athlecia-branded apparel.  Athleta alleges that SGD's

19   "products sold under the [allegedly] Infringing Marks can be purchased and shipped to California

20   consumers and have in fact been purchased by agents of Plaintiff into this District."  ECF No. 1

21   ¶ 33.  The complaint also attaches printouts from two websites offering Athlecia apparel for sale:

22   McKeever Sports/theGAAstore, which prices items in United States dollars and advertises "fully

23   trackable shipping to United States with DHL Express," and Sport Conrad, which prices items in

24   Euros.  ECF No. 1-1 at 64–76.  Athleta further alleges that, "[u]pon information and belief,

25   Defendant intends to begin offering its goods and services under the Infringing Mark directly to

26   consumers within the United States."  ECF No. 1 ¶ 34.

27          SGD filed a trademark application with the United States Patent and Trademark Office on

28   June 30, 2021.  *Id.* ¶ 35; ECF No. 38-1 at 4.  Athleta filed this lawsuit on June 1, 2022.  ECF

United States District Court
Northern District of California

1   No. 1.  SGD filed an express abandonment of its trademark application on June 15, 2022.  ECF

2   No. 38-1 at 4 & 6.

3          In support of its motion to dismiss, SGD filed a declaration from Rasmus Hauge, SGD's

4   chief financial officer.  ECF No. 28-2.  Among other facts, Hauge attests that SGD has its

5   principal place of business in Denmark; has no "stores in California or the United States and has

6   never sold any ATHLECIA apparel in California or the United States"; has no property, stores,

7   bank accounts, or employees in either California or the United States; "does not advertise or

8   promote its ATHLECIA apparel in California or the United States"; and "has never had contact

9   with anyone about selling, distributing, warehousing, or manufacturing ATHLECIA apparel in

10  California or anywhere in the United States."  *Id.* ¶¶ 7, 9–12, 15–19.  Hauge also attests that SGD

11  sells its Athlecia apparel through a Danish website that does not accept orders to be shipped to the

12  United States and that "[n]o ATHELCIA apparel has been sold through Amazon to consumers in

13  California or the United States."  *Id.* ¶¶ 21–23.  Finally, Hauge attests that "SGD's products are

14  sold in stores through SGD's wholesale customers, with Scandinavia as the primary market"; that

15  none of these "wholesale customers [is] located in California or in the United States"; and that

16  although SGD's wholesale customers sell Athlecia apparel "on Amazon's European marketplace,"

17  all such sales "have been to consumers in Europe."  *Id.* ¶¶ 24–25.

## II.    JURISDICTION

19         The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## III.   LEGAL STANDARD

21         "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the

22  plaintiff bears the burden of establishing that jurisdiction is proper."  *Boschetto v. Hansing*, 539

23  F.3d 1011, 1015 (9th Cir. 2008).

> Where, as here, the motion is based on written materials rather than
> an evidentiary hearing, the plaintiff need only make a prima facie
> showing of jurisdictional facts.  In such cases, we only inquire into
> whether the plaintiff's pleadings and affidavits make a prima facie
> showing of personal jurisdiction.  Although the plaintiff cannot
> simply rest on the bare allegations of its complaint, uncontroverted
> allegations in the complaint must be taken as true.  Conflicts
> between parties over statements contained in affidavits must be
> resolved in the plaintiff's favor.

United States District Court
Northern District of California

2

> Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits.  Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same.  For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004) (quotation marks, alteration marks, and citations omitted).

Athleta contends that the Court has specific personal jurisdiction over SGD or, alternatively, that the Court should exercise personal jurisdiction under Rule 4(k)(2) of the Federal Rules of Civil Procedure.  The Ninth Circuit applies a three-part test for specific personal jurisdiction:

> (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).  If the plaintiff satisfies its burden of satisfying the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."  *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).  Under the first prong, Athleta invokes the purposeful direction test, which requires a showing that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

"Personal jurisdiction is proper under Rule 4(k)(2) when (1) the action arises under federal law, (2) 'the defendant is not subject to jurisdiction in any state's courts of general jurisdiction,' and (3) the court's exercise of jurisdiction comports with due process."  *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 978 (9th Cir. 2021) (quoting Fed. R. Civ. P. 4(k)(2)).  The due process

1    analysis is the same as the above specific personal jurisdiction analysis, except that "the relevant

2    forum is the entire United States" instead of only one state. *Pebble Beach Co. v. Caddy*, 453 F.3d

3    1151, 1159 (9th Cir. 2006).

4    **IV.    DISCUSSION**

5           Athleta does not dispute any of the statements contained in the Hauge declaration,

6    including that SGD has no presence in the United States or California, does not advertise here, has

7    never sold any of the allegedly infringing products to anyone here, and has never had any contact

8    with anyone about selling, distributing, warehousing, or manufacturing the allegedly infringing

9    products here.  The complaint alleges that the products "can be purchased and shipped to

10   California's consumers" and that "agents of Plaintiff" have purchased the products "into this

11   District."  ECF No. 1 ¶ 33.  However, Athleta does not allege any actions by SGD that may have

12   caused the products to be available here.  In light of the unrefuted Hauge declaration, the Court

13   cannot assume as true that SGD took any action expressly aimed at California or the United States.

14          This is fatal to Athleta's assertion of personal jurisdiction.  Although Athleta alleges that it

15   is based in California and suffered damages here, "[e]xpress aiming requires more than the

16   defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to

17   the forum. . . .  Something more—conduct directly targeting the forum—is required to confer

18   personal jurisdiction."  *Ayla*, 11 F.4th at 980 (quotation marks, alteration marks, and citations

19   omitted).  Unlike in *Ayla*, where the defendant's "marketing, sales, and operations reflect[ed]

20   significant focus on the United States," *id.*, SGD has not directed any conduct towards the United

21   States or California.

22          Athleta correctly observes that the Hauge declaration says nothing about SGD's future

23   intent, and the complaint alleges that SGD "intends to begin offering its goods and services under

24   the Infringing Mark directly to consumers within the United States."  ECF No. 1 ¶ 34.  But SGD

25   has abandoned its trademark application in the United States, which undermines—though does not

26   fully contradict—the allegation that the company intends to sell Athlecia products here.  More

27   importantly, Athleta has pointed to no authority that future intent is sufficient to justify the

28   exercise of personal jurisdiction, and the Court is aware of none.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    Athleta also argues that SGD is subject to personal jurisdiction because it placed products

2    in the stream of commerce.  However, it is hornbook law that

3         [t]he placement of a product into the stream of commerce, without
         more, is not an act purposefully directed toward a forum state.
4         *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987).
         Even a defendant's awareness that the stream of commerce may or
5         will sweep the product into the forum state does not convert the
         mere act of placing the product into the stream of commerce into an
6         act purposefully directed toward the forum state.  *Id.*

7    *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007).  As discussed

8    above, Athleta has not shown the "more" that is required to exercise personal jurisdiction.

9         As to SGD's trademark application in the United States, it is not disputed that SGD has

10   now abandoned that application.  That it did not do so until two weeks after Athleta filed this case

11   might indicate some level of gamesmanship, but the fact of abandonment nonetheless weighs

12   against exercising personal jurisdiction.  As this Court concluded in a similar case last year:

13        The fact that Defendants filed a trademark application many years
         ago, which was denied, also does not establish express aiming.  *See*
14        *Allergan, Inc. v. Dermavita Ltd. P'ship, Dima Corp. S.A.*, No.
         SACV 17-00619-CJC (DFMx), 2018 WL 1406913, at *4 (C.D. Cal.
15        Jan. 3, 2018) (finding defendant's "filing of trademark applications
         and petitions to cancel [plaintiff's] trademarks" insufficient to
16        establish jurisdiction under Rule 4(k)(2)); *Fumoto Giken Co. v.
         Mistuoka*, No. CV 14-9797 DMG (MRWx), 2015 WL 12766167, at
17        *5 (C.D. Cal. Apr. 16, 2015) ("[T]his Court is not persuaded that the
         mere registration of a trademark with the PTO, without more,
18        amounts to the type of minimum contacts which would justify
         haling a foreign defendant into federal court.").
19

20   *St Andrews Links Ltd. v. Source & Design Int'l (UK) LTD*, No. 21-CV-06470-JST, 2022 WL

21   11902199, at *5 (N.D. Cal. Oct. 20, 2022) (alterations in original).  The facts of this case, where

22   SGD has abandoned its application, weigh even less in favor of exercising personal jurisdiction

23   than cases where registrations were not abandoned or where the defendant took additional steps,

24   such as seeking to cancel the plaintiff's marks.  In *Ayla*, for example, the defendant had filed a

25   trademark application and then withdrew it "before any action was taken on it."  11 F.4th at 982

26   n.4.  Although "[t]he parties dispute[d] whether the withdrawn application constitute[d] an

27   additional significant contact," the Ninth Circuit explained that it "need not decide this issue

28   because, in all events, we do not see how the claims in this case [including trademark

1    infringement] could be said to arise out of or relate to a *withdrawn* application."  *Id.* (emphasis in

2    original).  The same is true here.

3          Athleta also requests an opportunity to conduct jurisdictional discovery.  However, "the

4    Court need not permit such discovery" if "a plaintiff's claim of personal jurisdiction appears to be

5    both attenuated and based on bare allegations in the face of specific denials made by the

6    defendants."  *Pebble Beach Co.*, 453 F.3d at 1160 (quoting *Terracom v. Valley Nat'l Bank*, 49

7    F.3d 555, 562 (9th Cir. 1995)).  Nor is discovery required if the plaintiff "fail[s] to demonstrate

8    how further discovery would allow it to contradict" the defendant's affidavits.  *Terracom*, 49 F.3d

9    at 562.  Athleta has not made that showing here, and the Court therefore denies its request for

10   jurisdictional discovery.

11         Because the Court concludes that it lacks personal jurisdiction over SGD, it does not reach

12   the parties' arguments regarding whether the complaint states a claim under Rule 12(b)(6) of the

13   Federal Rules of Civil Procedure.

### CONCLUSION

15         SGD's motion to dismiss for lack of personal jurisdiction is granted, and Athleta's request

16   to conduct jurisdictional discovery is denied.  Although it seems unlikely that Athleta will be able

17   to amend the complaint to allege sufficient facts to confer personal jurisdiction over SGD, the

18   Court will grant such leave out of an abundance of caution.  Leave to amend is granted solely to

19   add new jurisdictional allegations.  Any amended complaint shall be filed within 21 days of the

20   date of this order.  If Athleta fails to file a timely amended complaint, the Clerk will enter

21   judgment and close this case.

22         **IT IS SO ORDERED.**

23   Dated:  June 20, 2023

24   _____
     JON S. TIGAR
25   United States District Judge

26

27

28

United States District Court
Northern District of California

6